IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| CQI, INC., A Montana Corporation, ROBERT PETERSON and CARRIE KLEIN, individually,<br><br>    Plaintiffs,<br><br>  vs.<br><br>MOUNTAIN WEST FARM BUREAU INSURANCE COMPANY, a foreign corporation,<br><br>    Defendant. | CV 08-134-BLG-CSO<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION |

This action stems from Plaintiffs Robert Peterson, Carrie Klein, and CQI, Inc.'s (collectively "CQI") claim for insurance benefits from Defendant Mountain West Farm Bureau Mutual Insurance Company ("Mountain West") for business personal property damaged or destroyed during a July 7, 2007, windstorm. Plaintiff's First Amended Complaint (Court Doc. 51) at 4, ¶ 13.[1]

---

[1] Unless otherwise noted, all page numbers refer to page numbers as used in the Court's electronic filing system.

Currently pending before the Court is CQI's Motion for Leave to File a Motion for Reconsideration Pursuant to L.R. 7.3 (Court Doc. 65).

I.   BACKGROUND[2]

On July 14, 2009, the Court ruled on the parties' cross motions for partial summary judgment (Court Doc. 32). CQI had asserted that the term "actual cash value" in the applicable insurance policy means "the price CQI historically sells the [new iron] goods to its customers." Court Doc. 18 at 3. The Court denied CQI's motion for partial summary judgment, holding that the term "actual cash value" was not ambiguous, and that in this context it means:

> the actual cash value of the damaged iron goods to CQI at the time and place of loss, as determined under the broad evidence rule. A jury, after considering all relevant evidence as to the value of the goods, must determine what the actual cash value of the goods was to the insured at the time of the loss.

Court Doc. 32 at 16-17, 20.

CQI's current motion asks the Court to permit briefing on whether the Court should reconsider its July 14, 2009, Order.

---

[2]The facts of this case are well-known to the parties and are set out in detail in the Court's Order on Cross Motions for Partial Summary Judgment (Court Doc. 32). They are only repeated here as necessary.

II.  **DISCUSSION**

A party must obtain leave of court prior to filing a motion for reconsideration.  L.R. 7.3(a).  A motion for leave to file a motion for reconsideration must meet at least one of the following two criteria:

    (1)   (A)   the facts or applicable law are materially different from the facts or applicable law that the parties presented to the Court before entry of the order for which reconsideration is sought, and

            (B)   despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; or

    (2)   new material facts emerged or a change of law occurred after entry of the order.

L.R. 7.3(b).

Here, CQI moves for reconsideration on the basis of new, material facts. Court Doc. 65 at 7.  CQI argues that reconsideration is warranted on the following bases:

> (1)  Mountain West calculated and collected premiums from CQI based on the retail value of CQI's inventory (Court Doc. 65 at 3);
>
> (2) Certain Mountain West documents "show [Mountain West] interprets [actual cash value] to mean the retail value ... ."  Id.;
>
> (3)  Mountain West paid CQI the retail value for a similar inventory loss in 2008 (Id. at 4);

(4)  Mountain West's employees "gave hesitant, confused and inconsistent answers" in response to questions regarding the meaning of actual cash value (Id. at 5);

(5)  Mountain West counsel and its expert gave two different interpretations of "actual cash value" and both interpretations are contrary to the Court's definition (Id. at 5-6).

After reviewing the materials submitted by CQI in support of its motion, the Court concludes that reconsideration is not warranted. The new facts presented by CQI in its motion do not affect the Court's prior order.  In its prior Order, the Court determined the definition of "actual cash value" on the basis of well-settled law.  Court Doc. 32 at 16-17.  The Court determined that, "[a]lthough the definition of 'actual cash value' is a question of law, the determination itself is a fact question in each case."  Id. at 17.  The additional facts presented by CQI in its motion are potentially relevant to answering the fact question regarding the actual cash value in this case.  But these additional facts do not impact the legal question regarding the definition of actual cash value.  As the Court stated in its prior order, "[a]ccepting CQI's argument [that actual cash value is an ambiguous term] would render ambiguous every general rule of law the application of which may vary based on the specific circumstances of a case."  Id. at 16-17.

As the Court's prior Order makes clear, a jury may consider all relevant evidence when determining the actual cash value of the property damaged or destroyed.  Under the "broad evidence rule", the trier of fact "may consider any evidence logically tending to the formation of a correct estimate of the value of the insured property at the time of the loss."  Interstate Gourmet Coffee Roasters, Inc. v. Seaco Ins. Co., 794 N.E.2d 607, 611 (Mass.App.Ct. 2003).  The new facts submitted by CQI are potentially relevant to the jury's determination and are more appropriately considered in that context.

III.   CONCLUSION

Accordingly,

IT IS ORDERED that CQI's Motion for Leave to File a Motion for Reconsideration (Court Doc. 65) is DENIED.

DATED this 21st day of July, 2010.

/s/ Carolyn S. Ostby
United States Magistrate Judge