IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| CQI, INC., a Montana corporation, Plaintiff/Counterdefendant, vs. MOUNTAIN WEST FARM BUREAU INSURANCE COMPANY, a foreign corporation, Defendant/Counterclaimant, _____ MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY, a foreign corporation, Third-Party Plaintiff, vs. ROBERT S. PETERSON, Third-Party Defendant. | CV 08-134-BLG-CSO **ORDER GRANTING UNOPPOSED MOTION FOR STAY PENDING FEDERAL PROSECUTION** |

Third-Party Defendant Robert S. Peterson (Peterson) moves to stay this action pending resolution of the criminal case charging him with mail fraud. *See Mtn. to Stay (Court Doc. 178)*; *see also U.S. v.*

*Robert Shane Peterson*, CR-11-68-BLG-RFC. Peterson argues that litigation in this civil action "would substantively prejudice [him] in the defense of his pending criminal matter . . . [because he] would be placed in a position of attempting to adequately defend himself in this matter while compromising his Fifth Amendment rights relating to his criminal accusations." *Court Doc. 178 at 2*. Peterson also argues that: (1) the only other party with possible interest in this case is Ryan Shipman, who "has already been charged, convicted, and incarcerated and [who] should not have any lingering issues at stake[,]" *id*.; (2) Mountain West would suffer no prejudice from a stay as it already has completed substantial investigation and discovery, *id*.; (3) a stay would place no undue burden on the Court, *id. at 3*; and (4) "the outcome of the criminal action may obviate the need for further litigation in this case[,]" *id*.

Third-Party Plaintiff Mountain West Farm Bureau Mutual Insurance Company (Mountain West) did not respond to Peterson's motion, permitting the Court to deem Peterson's motion well-taken. *See* Local Rule 7.1(d)(1)(B).

Unless substantial prejudice to the rights of the parties involved is shown, the United States Constitution does not mandate a stay of civil proceedings pending the outcome of criminal proceedings. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citations omitted). In determining whether to stay civil proceedings while parallel criminal proceedings are pending, courts must consider the particular circumstances and competing interests involved, and should consider (1) the extent to which the defendant's Fifth Amendment rights are implicated, (2) the plaintiff's interest in proceeding expeditiously, (3) the burden the proceedings may impose on the defendant, (4) the convenience of the court and the efficient use of judicial resources, (5) the interests of persons not parties to the civil litigation, and (6) the interest of the public in the pending civil and criminal litigation. *Id.* at 324–25.

Applying the foregoing factors to the specific circumstances involved here, the Court concludes that a brief stay of these proceedings is appropriate. First, the degree to which Peterson's Fifth Amendment rights might be implicated is unknown at present. While a

great deal of discovery already has occurred in this action over the past few years, the content of the discovery and its potential impact on the criminal case are unknown at this time. Thus, this factor is neutral in assessing whether to stay this action.

Second, as noted, Mountain West did not respond to Peterson's motion requesting a stay, thus permitting the Court to deem the motion well-taken as far as Mountain West's interests are concerned. The Court concludes that this factor weighs in favor of granting the motion for a stay.

Third, Peterson represents in his motion that proceeding with this action while defending against the criminal charge will pose a burden on him. *Court Doc. 178 at 2-3.* There has been no argument or showing to the contrary. This factor weighs in favor of granting the motion.

Fourth, a brief stay of this action should not pose an undue hardship on the Court or significantly diminish the efficient use of judicial resources. As noted below, at the conclusion of the criminal action, the Court will promptly convene a scheduling conference to put in place a new schedule designed to accomplish an expeditious

resolution of this action. This factor weighs in favor of granting the motion.

Fifth, Peterson concedes that no other parties have an interest in this action. *Court Doc. 178 at 2.* This factor weighs in favor of granting the motion for a stay.

Sixth, neither the criminal action nor this action appear to carry any greater public interest than other matters pending in this Court. Thus, this factor is neutral.

Finally, informing the Court's decision is that trial in the parallel criminal matter is set for less than one month from now – September 26, 2011. *See* CR-11-68-BLG-RFC (*Scheduling Order (Court Doc. 8)*). Thus, any stay of this matter should be relatively brief.

Having considered the foregoing factors, the Court concludes that a brief stay of this action is appropriate. Accordingly,

IT IS ORDERED that:

1. this action is STAYED;
2. all deadlines and settings listed after the discovery deadline of July 29, 2011, in the Scheduling Order filed June 1, 2011 *(Court*

*Doc. 177)* are VACATED;

3. within five business days following either a change of plea hearing or trial in the parallel criminal case, *U.S. v. Robert Shane Peterson*, CR-11-68-BLG-RFC, whichever occurs first, Peterson shall notify the Court. The Court will then promptly set a Scheduling Conference. If any delay occurs in the parallel criminal action, Peterson's counsel must file a notice in this action informing the Court and counsel for Mountain West of the delay, its cause, and its expected duration.

DATED this 29th day of August, 2011.

                                           **/s/ Carolyn S. Ostby**
                                           United States Magistrate Judge